## SCHOCK *v.* MILLER.

A receipt by the creditor from a surety of one-half of the amount due on a joint and several bond, together with a release by an instrument not under seal, is not a discharge of the co-surety.

IN error from the Common Pleas of Lancaster.

Debt against the administrators of Hertzler, on a joint and several bond executed by Hertzler and Funk as sureties, and by Wright as principal. On the trial, the defendants gave in evidence

an endorsement on the bond, signed, but not sealed, by the plaintiff, which recited a receipt of a sum of money from Funk, one of the sureties, being one-half of the amount due on the bond, as and for his full share and part of the obligation. It then continued: "And I do hereby release him, the said Henry Funk, his heirs, executors, and administrators, of and from all claim and demand from or (by) reason of the within obligation."

The plaintiff then offered to prove, by the subscribing witness to this endorsement, that it was not intended by the parties to release Hertzler, but only to exonerate Funk. The court (LEWIS, P. J.) rejected the evidence, and directed a verdict for defendant.

*Smith*, for plaintiff in error.—The obligee has the privilege of treating the bond, by the terms of the contract, as the several obligation of each of the parties: 8 W. 450; 2 W. 204. If it is so treated, the release of one does not discharge the obligation of the other: 3 Pa. 57; 5 Co. 44. If the intent was only to discharge the liability which existed as between the released obligor and his co-debtor, the other is not discharged: 1 Poth. on Obl. by Evans, 275; 1 Stor. Eq. p. 498, n. But this release was not under seal, which is essential to have the effect contended for: 22 Pick. 305. So far as respects the unpaid moiety, it was without consideration and void: 5 W. & S. 486; 7 Barr, 100. As a release, it is no discharge in equity: 6 Ves. 805; 3 Bligh. 591; 6 John. C. 242; 1 Stor. Eq. §§ 498, 1370–71. The same principle is adopted in contracts between husband and wife. None of the reasons apply on which sureties are discharged by acts of the creditor: Pitm. on P. and Surety, 40; L. L. 178; 9 W. & S. 43; 3 Pa. 43. The true question is, was the liability of the co-surety increased? Mortland *v.* Himes, 8 Barr, 265.

*Ford*, contrà.—The meaning and effect of the written instrument cannot be altered or gathered from parol testimony. But here was a parol release for a consideration received, which discharged the released party, and consequently all other parties to the contract: 1 S. & R. 312; 3 Penna. 405; 1 Barr, 451; 2 Burr. 979: 1 Bin. 289; 1 Dal. 17. And this is the effect in equity, as well as at law: 1 Atk. 294; 4 Ad. & El. 675; 1 Bos. & Pul. 630; Pitm. on P. and Surety, 192; 1 Raw. 391; 1 Gilp. 621.

*May* 21. ROGERS, J.—Where the effect is to increase the responsibility of those who are not included in its terms, the release of one or more joint, or joint and several debtors, operates as a

discharge of all the others from the obligation of the debts. But, when the effect will be, not to increase the responsibility of the other obligors, it operates as a release *pro tanto* only. Thus, a release of the principal debtor discharges the sureties, because it throws the burthen of the debt on the sureties, who, as between the obligors, are not liable for the debt, and is, therefore, an injury to them; but the release of one or more of the sureties does not discharge the principal debtor, for the plain reason that he is primarily liable for the debt, and the release of the surety may injure the creditor, but cannot, by any possibility, prejudice him. These principles are supported by reason and authority. Thus, the release of a principal debtor will discharge a mere surety, but the release of one co-surety will exonerate the other only to the extent which the releasee would otherwise be compelled to pay : *Ex parte* Gifford, 6 Ves. 805. And in Mortland *v.* Himes, 8 Barr, 265, which recognises *Ex parte* Gifford, it is ruled on the principle above stated, that a release of the surety does not exonerate the principal debtor. Mr. Justice Bell, who examines the cases bearing on the point, puts the question on the only rational principle : that whether the release of one joint, or joint and several debtor, discharges the others, depends on the question whether the effect will be to increase the responsibility of the other debtors. If not, though effective as a release, it is never permitted to work a dissolution of the contract as to the party not released. In Pitman on Surety, 40 Law Lib. 178, the law is thus stated : " As the reason for discharging a surety from his liability when time has been given to the principal debtor, is, that the creditor has done an act by which the surety is or may be injured, any agreement entered into between the creditor and the principal, by which the remedies of the sureties are not determined or effected, and still less by which they are accelerated, as it cannot prejudice the surety, so it shall not discharge him." So, in Whitehill *v.* Wilson, 3 Penna. 405, it is said, if the creditor releases the principal from the payment of the debt, he thereby releases the surety entirely. But, if he release the principal from a part, he only releases the surety *pro tanto*, and there is not even a shadow of reason why it should be considered as a release for any more. Now, granting the instrument to be a technical release, does it discharge the co-surety from all liability, or *pro tanto* only ? We think the latter to be clear, on reason, and on the authorities already cited. The discharge of a surety by the creditor has not the effect of the discharge of the principal, without reserve, and therefore a co-surety is not discharged. In 1 Stor.

Eq. Juris. § 498 a, the learned commentator remarks, "That it seems now clearly established at law, that a release or discharge of one surety by the creditor, will operate as a discharge of all the other sureties, even though it may be founded on a mere mistake of law; but, it may be doubted whether the same rule will be allowed universally to prevail in equity." Indeed, circumstances may exist in which even a release of the principal might not release the surety from the debt, when it was clear, from the whole transaction, that it was intended the surety should remain bound. Also, in this section, commenting on Lord Denman's opinion in the case of Nicholson v. Revill, 4 A. & E. 675, Mr. Justice Story remarks: " It is, however, to be remembered that his lordship was here dealing with the question at law, but, it by no means follows that, because a security is extinguished at law, therefore it is extinguished in equity, if it is the clear intention of the parties that it should not be extinguished. Thus, an agreement between husband and wife, without the intervention of trustees, will be enforced in equity, although void at law; for equity will not suffer the intention of the parties to be defeated by the very act which is designed to give effect to such a contract." Whatever, then, may be the effect of a release at law, it, in equity (and equity is part of our law), is a discharge *pro tanto*. And why should the law be otherwise? For this, no rational reason has or can be given. In this case it is clear, that the act of the creditor, so far from being an injury, is a benefit to the co-surety, for it relieves him from the payment of a moiety of the debt, the whole of which he might otherwise be compelled to pay. If it be a prejudice to any one, it is the creditor; but of this, surely, the co-surety has no right to complain. Why the creditor agreed to release one of the sureties upon payment of his share of the debt, we are not informed; nor is it material, as we are satisfied he had the right without the consent, or against the consent, of the co-surety, to do so, without affecting or impairing his claim, except to the extent of one moiety of the debt. The executors of Hertzler cannot be compelled to pay more than they are equitably bound to pay on the insolvency of the principal debtor, viz., a moiety of the debt. To that extent, and to that extent only, have they a defence to the action.

The principle which rule this case is decided in *Ex parte* Gifford and Mortland v. Himes, already cited; the only difference in the latter being that it was the principal who relied on the release as a defence. In this it is the co-surety, the principal being insolvent. In principle, it is impossible to distinguish the cases.

Judgment reversed, and a *venire de novo* awarded.