# Weist *versus* Jacoby.

1. An action of debt was brought against three; one pleaded coverture; an award was found against the other two, and an appeal taken by one: the plaintiff suffered a nonsuit as to the married woman. *Held*, that he might recover in the same action against the others.

2. A plaintiff in a joint action may enter a *nolle pros.* as to a defendant pleading matters personal to himself, as bankruptcy, infancy, coverture, &c.

May 10th 1869. Before THOMPSON, C. J., AGNEW, SHARSWOOD and WILLIAMS, JJ. Absent, READ, J.

Error to the Court of Common Pleas of *Cumberland county:* No. 89, to May Term 1869.

This action was in debt, and was brought April 7th 1866, by Christian Jacoby against James P. Woods, Jane P. Woods and Leonard Weist. The suit was on the following note:

"$200.                          June 8, 1865.

"Six months after date we or either of us promise to pay to the order of Christian Jacoby the sum of two hundred dollars, for value received, without defalcation.

JAMES P. WOODS,
JANE P. WOODS,
LEONARD WEIST."

Jane P. Woods filed an affidavit of defence, averring that she was a married woman; she also pleaded coverture. There was an appearance for Weist, but none for James P. Woods. Arbitrators, under a rule taken out by the plaintiff on the 11th of August 1866, awarded against James P. Woods and Weist for $207.86.

[Weist *v.* Jacoby.]

From this award Weist appealed on the 27th of August. On the 18th of December, 1866, by leave of the court, the plaintiff suffered a nonsuit as to Jane P. Woods.

The foregoing facts were embodied in a case stated for the opinion of the court; whether in the joint suit brought in this case a jury could render a verdict against Weist and James P. Woods. If the court should be of opinion with the plaintiff, judgment to be entered for the plaintiff for $224.40; if otherwise, judgment to be entered for the defendants.

The court (Graham P. J.) entered judgment for the plaintiff in accordance with the case.

On writ of error by the defendant Weist, entering the judgment was assigned for error.

*W. M. Penrose* and *L. J. W. Foulke,* for plaintiff in error.—The plaintiff could not enter a *nolle prosequi* as to one of the parties and proceed in the same action; he must commence a new action: 1 Chitty's Pl. 51, 52. Plaintiff could not take a nonsuit after an award: Act of June 18th, 1836, §§ 25, 33, Pamph. L. 721, 724, Purd. 55, 57, pl. 32, 46; Berentz *v.* Bishop, 5 S. & R. 179; Ranck *v.* Becker, 12 Id. 412; Studebacker *v.* Moore, 3 Binney 124.

*M. Williams,* for defendant in error.—The plaintiff may suffer a nonsuit as to one defendant where he pleads a matter in his personal discharge: Swanzey *v.* Parker, 14 Wright 452; Beidman *v.* Vanderslice, 2 Rawle 336; 2 Troub. & H. (by Fish) 628; Wolf *v.* Finks, 1 Barr 440.

The opinion of the court was delivered, July 6th 1869, by

THOMPSON, C. J.—The single question in this case is, whether the plaintiff may legally have judgment against two of the defendants, the third having pleaded *coverture,* and having been discharged by a finding of the arbitrators in her favor on this plea, and by an entry of a *nolle prosequi* by leave of court, as to her after appeal. The court below thought he could, and entered judgment in accordance with that opinion on the case stated.

That a plaintiff may enter a *nolle prosequi* as to a defendant who pleads matters personal to him or herself entitling to a discharge, and thus discharge such defendant as a party from the record, is well settled. Amongst such matters are the pleas of bankruptcy, infancy, *coverture* and the like. For this see Beidman *v.* Vanderslice, 2 Rawle 334; 1 William's Sanders 207, note (*a*); 1 Greenleaf Ev. § 556, and Swanzey *v.* Parker, 14 Wright 441. The action here not being for necessaries, the plea of *coverture* by Mrs. Woods, was within the rule.

The complaint that the *nolle prosequi* prevented Weist, a co-

[Weist *v.* Jacoby.]

defendant, from showing that Mrs. Woods was liable in the action with him, because the note was in fact for necessaries, is novel. Had it been so, he could not have turned plaintiff and prosecuted her in that action. He might, however, have shown it, I apprehend, to establish a case wherein the plea would not have entitled the defendant to a discharge, and then have claimed, as a consequence, that the *nolle prosequi* discharging her discharged the other defendants, the suit being joint. If the fact be so, he may still, after payment of the judgment, call on her to repay him money paid for her use, if he was her surety in the note, and it was for necessaries. This, however, is rather outside of the question presented for adjudication here. As to it, we see no error in the record, and the judgment is affirmed.