# Wolff, Appellant, v. Wilson.

*Contract—Breach of contract—Parties to action.*

No person can be sued for breach of contract who has not contracted, either in person or by an agent; or in other words who was not a party to the contract; and conversely, no person who has not contracted, either in person or by an agent, may be sued for a breach. For breach of a civil contract, the person to be sued is the person who has promised, or who has allowed credit to be given to him.

*Principal and agent—Liability of agent—Want of authority of agent.*

Whenever a party undertakes to act as agent for another, if he does not possess any authority from the principal therefor, or if he exceeds the authority delegated to him, he will be personally liable to the person with whom he is dealing, for or on account of his principal.

In an action by an attorney at law against two defendants, the plaintiff in his statement averred that the first defendant as agent for the second defendant employed the plaintiff to prepare and conduct a suit at law. On a trial before arbitrators it was adjudged that the agent was never in any way authorized to make such a contract, and a judgment was entered against the agent alone. The agent thereupon appealed. At the trial in common pleas the evidence was undisputed that the agent had no authority to bind his principal by the contract alleged in the statement. The court refused to charge that the agent was personally liable if he employed the plaintiff without authority so to do from his principal. *Held*, that the refusal so to charge was error.

Argued May 8, 1905. Appeal, No. 153, April T., 1905, by plaintiff, from judgment of C. P. Armstrong Co., Dec. T., 1900, No. 158, on verdict for defendant in case of Findley P. Wolff v. John A. Wilson. Before BEAVER, ORLADY, SMITH, POR-TER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for a breach of contract. Before PATTON, P. J. The facts are stated in the opinion of the Superior Court.

The court below charged in part as follows:

Gentlemen, this is a suit brought by F. P. Wolff against John A. Wilson to recover what he says would be reasonably due him for his services, rendered in certain criminal cases against Sloppy and McCoy in which Mr. Wilson was the prosecutor. The question for the jury in this case to decide is, did Mr. John A. Wilson employ Mr. Wolff to do this

work for him or not? The testimony of Mr. Wolff appears to be that John A. Wilson came to his office and spoke to him about those cases. That he said that Daniel was a cripple and was unable to come to town and that he would employ an attorney. Now in that case, if John A. Wilson told Mr. Wolff that he was the agent of Daniel Wilson and was acting for him and that he, John A. Wilson, would not pay him but that Daniel would, then John A. Wilson would not be liable. [If a man goes to an attorney and says that he is an agent and discloses his principal and tells him that the principal will pay for his services, then the agent would not be individually liable. If John A. Wilson falsely represented that, then what is known as an action in deceit should have been brought against John A. Wilson for misrepresenting that he was the agent of Daniel Wilson, but no such action has been brought in this case.] [1]

The only testimony that we recollect that John A. Wilson employed Mr. Wolff as his own attorney, but the testimony is all for you gentlemen, it is entirely for the jury, is the testimony of Mr. Shomo who says that John A. Wilson told him that Findley Wolff was his attorney and Captain Clark also says that at the meeting in the library room John A. Wilson was present and spoke of Mr. Wolff as being his attorney. [If the jury can find any testimony in this case to show that John A. Wilson employed Findley P. Wolff as his attorney to represent him in those cases why then you would be justified in finding a verdict in favor of the plaintiff for what his services would be reasonably worth.] [4]

On the part of the defendant Mr. John A. Wilson denies that he ever employed Mr. Wolff as his attorney. He says that Mr. Wolff was the attorney for Mr. Shomo. That Shomo employed Mr. Wolff for those cases. If that is true, if Shomo employed Mr. Wolff to look after those cases then Mr. Wolff must look to Shomo for his pay. There was some testimony as to what occurred out at Daniel Wilson's house. Daniel Wilson swears positively that he never authorized John A. Wilson to employ Mr. Wolff as his attorney and in that matter he is corroborated by his two sisters. And John A. Wilson testifies that Daniel never authorized him to employ Mr. Wolff

and that he never did employ him and that he was Shomo's attorney. That is the only matter in dispute in this case. So far as Daniel Wilson is concerned he is out of this case and you have been sworn only as to John A. Wilson. [Unless you find from the evidence in this case that John A. Wilson employed Mr. Wolff and agreed to pay him, your verdict should be for the defendant, but if you find that John A. Wilson did employ Mr. Wolff and agreed to pay him, then you will find a verdict in his favor for what his services are reasonably worth.] [5]

Some three or four attorneys of this bar who are familiar with the services of attorneys and what they charge in similar cases, have testified that Mr. Wolff's compensation is reasonable at $200. That testimony is not contradicted and that is not the dispute in this case. [There is only one disputed question and that is whether John A. Wilson employed Mr. Wolff as his attorney to conduct those cases or not.] [6] If he did so employ him he ought to pay him. If he did not employ him and some other person employed Mr. Wolff, then Mr. Wolff must look to that other person for his pay.

Gentlemen, we have reserved these questions of law in this case. It is your province to say whether or not John A. Wilson employed Findley P. Wolff. If he did employ him he should pay him what his services are reasonably worth. [If he did not employ him or even if you find that he told him that Daniel Wilson authorized him to employ him and Daniel would pay him, then Mr. Wolff would have to look to Daniel Wilson. If John A. Wilson falsely represented that he was Daniel's agent then Mr. Wolff should proceed against John A. Wilson by an action of deceit.] [3]

Verdict and judgment for defendant. Plaintiff appealed.

*Errors assigned* were (1) answer to defendant's second point quoted in the opinion of the Superior Court; and (2–6) above instructions, quoting them.

*W. L. Peart*, for appellant.—Where a person assuming to act as agent for another, without authority, enters into a contract, he may be treated as a party to the contract, and is liable

in assumpsit: Kroeger v. Pitcairn, 101 Pa. 311; McConn v. Lady, 10 W. N. C. 493; Hopkins v. Everly, 150 Pa. 117; Hampton v. Speckenagle, 9 S. & R. 212; Layng v. Stewart, 1 W. & S. 222.

Where arbitrators find in favor of one or more defendants and against others, the case goes to trial only as to those filing appeals: Wolf v. Fink, 1 Pa. 435; Sterrett v. Ramsay, 2 Watts, 91.

The right of plaintiff to amend, by striking out the name of any defendant joined by error or mistake, cannot be questioned: Herman v. Rinker, 106 Pa. 121; Patton v. Railway Co., 96 Pa. 169; Weist v. Jacoby, 62 Pa. 110.

*Calvin Rayburn*, with him *Samuel H. McCain*, for appellee. —This being a joint action in assumpsit, the arbitrators were bound to find against both or none: Wilson v. Wachua, 11 Pa. Dist. Rep. 450; Weist v. Jacoby, 62 Pa. 110.

OPINION BY ORLADY, J., July 13, 1905:

The facts out of which this litigation arose are as follows: The dwelling of Daniel Wilson, an aged and infirm man, was forcibly entered by four masked men, who after severely beating him, stole about $3,000, in money. Soon thereafter detectives were engaged, and John A. Wilson, a brother of Daniel Wilson, after an interview with the detectives, consulted with Findley P. Wolff, an attorney at law, and employed him to assist the district attorney in the prosecution of several persons alleged to be guilty.

Daniel Wilson was not physically able to give any personal attention to the preparation of the criminal case, which was largely left to the management of John A. Wilson, who made several informations against different parties, and after trial two defendants were convicted and sentenced on the charge of burglary. To recover for the services so rendered this suit was brought.

The plaintiff obtained judgment against John A. Wilson and Daniel Wilson, before a justice of the peace, for the sum of $200 and costs. The defendants took an appeal to the court of common pleas; the plaintiff filed his determination to submit all matters at variance to arbitrators, before whom the

case was heard, and they awarded in favor of the plaintiff and against John A. Wilson the sum of $200, and as to Daniel Wilson they awarded that the plaintiff had no cause of action, from which award John A. Wilson alone appealed. The case was tried before a jury which was sworn as to John A. Wilson alone, resulting in a verdict for the defendant, and the plaintiff brings this appeal. The plaintiff's second point was as follows : " If John A. Wilson employed F. P. Wolff as attorney for Daniel Wilson, without the authority of Daniel Wilson so to do, John A. Wilson is liable under the pleadings and evidence in this case." To which the trial judge answered ; " That point is refused. We say to you that if John A. Wilson falsely stated that he was the agent of Daniel Wilson, that Mr. Wolff cannot recover in an action of assumpsit, he would have to bring an action of deceit against Mr. Wilson for falsely representing that he was Daniel Wilson's agent." And in the charge to the jury stated : " If the jury can find any testimony in the case to show that John A. Wilson employed Findley P. Wolff as his attorney to represent him in those cases, why then you would be justified in finding a verdict in favor of the plaintiff for what his services would be reasonably worth. There is only one disputed question and that is, whether John A. Wilson employed Mr. Wolff as his attorney to conduct his cases or not."

It is elementary law that no person can be sued for breach of contract who has not contracted, either in person or by an agent; or in other words who was not a party to the contract; and conversely, no person who has not contracted, either in person or by an agent, may be sued for a breach. For breach of a civil contract, the person to be sued is the person who has promised, or who has allowed credit to be given him.

The plaintiff's statement alleges : " That he was regularly and specially engaged and employed to conduct the preparation and trial of the aforesaid case, by the said John A. Wilson, for and in the behalf of said Daniel Wilson, and that he, the said plaintiff, by virtue of such employment and with the knowledge, approval and authority of the said defendants, and with the help and direction, and mostly in the presence of the said John A. Wilson, did prepare the aforesaid case for trial, conduct the preliminary hearings thereof, and with the aid of

other counsel, also by the said John A. Wilson employed for and in behalf of the said Daniel Wilson, did conduct and prosecute the trial of the said case to judgment; and that the said Daniel Wilson, with the approval of the said John A. Wilson, has adjudged the services of the said other attorney in said trial, to be worth $200, and has paid that amount to said other attorney, for such services."

It clearly appears from the record that Daniel Wilson was relieved of liability by the arbitrators, and the award of no cause of action was made, for the sole reason that John A. Wilson was not authorized directly or indirectly to act as his agent, in the employment of Findley P. Wolff as his attorney. On the trial of the case in court, Daniel Wilson, stated without objection, that he had testified before the arbitrators that he had never authorized John A. Wilson to act so for him, and John A. Wilson, this defendant, swore that he had testified to the same effect before the arbitrators.

The liability of an agent contracting without authority, in the name of another, is divided into three classes: 1. Where the agent makes fraudulent representations of his authority, with intent to deceive. 2. Where he has no authority and knows it, but nevertheless makes a contract as if having such authority. 3. Where not having authority in fact, to make a contract as agent, yet does so under bona fide belief that such authority is vested in him, as in the case of an agent acting under a forged power of attorney, which he believes to be genuine, and the like. As a general rule, a contract made by an agent as such and within the scope of his authority, is binding on the principal and not on the agent, and the personal liability is a question of intention, and not of inference or conclusion drawn by law, except in the sense in which the law deduces intention from language and holds men to the legitimate result of their words and actions. See Thomson v. Davenport, 2 Smith's Leading Cases, 377 and notes (8th ed.).

In Kroeger v. Pitcairn, 101 Pa. 311, it was directly ruled, that whenever a party undertakes to act as agent for another, if he does not possess any authority from the principal therefor, or if he exceeds the authority delegated to him, he will be personally liable to the person with whom he is dealing, for or

on account of his principal: Hopkins v. Everly, 150 Pa. 117.

The court below relied largely on the case of Locke v. Daugherty, 43 Pa. 88, as almost like the case before it. We do not consider that case analogous. Assuming that under the plaintiff's statement the liability of Daniel Wilson was set out to be essentially different from that of John A. Wilson, if he did not ratify and approve the act of John A. Wilson, in employing an attorney for him, this fact was dependent upon proof adduced as a special defense of Daniel Wilson before the arbitrators, and in regard to which both of the therein defendants testified that John A. Wilson was without authority to bind Daniel Wilson and further that Daniel Wilson had not ratified or approved the employment of the plaintiff, so that the liability of John A. Wilson became fixed as a conclusion of law, and of equal force under the authorities as if the contract were a direct one.

The promise on which the suit was founded is not alleged to be a joint one; it is true it grew out of a single transaction of the plaintiff's, but whether the agent or disclosed principal would be liable depended upon the proof they would furnish, in admitting or denying that relation. After the award in favor of Daniel A. Wilson, he was no longer considered a party to the record. No appeal was taken from the award as to him and the case proceeded to trial by the jury being sworn as to John A. Wilson alone. The statement alleged the employment of the plaintiff by John A. Wilson, for and in behalf of Daniel Wilson, but this was not sustained by proof of authority in John A. Wilson to so bind Daniel Wilson. The merits of the case were resolved, not as stated by the court, whether John A. Wilson employed Mr. Wolff to conduct the criminal cases, but whether, under the admitted facts, John A. Wilson was liable personally, by reason of his acting as an agent without authority.

It has been repeatedly held that in actions upon joint contracts if one defendant be defaulted and the other go to trial on a defense personal to himself, a judgment in his favor does not discharge the defendant. The plaintiff may enter a nolle prosequi against the defendant who pleads matter in his personal discharge, and thus he becomes no longer a party to

the record: Salmon v. Smith, 1 Saunders, 206; and cases cited in Greenleaf on Evidence, sec. 283. The effect of the judgment depends on the character of the plea.

In a suit against two on a joint contract, ordinarily there can be no recovery against one, because neither is liable if the contract was not the joint contract of both, and it is only when one sets up a defense that the other cannot use that the case is otherwise. If one defendant pleads infancy, or a "certificate in bankruptcy," "ne unques executor," or "that he was a surety in the contract and that he has been discharged in equity by the conduct of the creditor;" if he succeeds in maintaining his plea a judgment in his favor does not relieve the defaulted co-defendant, and in such a case there is no contradiction in the record: Swanzey v. Parker, 50 Pa. 441; Weist v. Jacoby, 62 Pa. 110.

So far as the merits of the case were affected, it was tried as if the name of Daniel Wilson had been withdrawn from the record, and an amendment nunc pro tunc could have been filed even after the verdict or in this court: Beringer v. Meanor's Admr., 85 Pa. 223; Xander v. Commonwealth, 102 Pa. 434. This is not a case of the joint liability of principal and surety on a note, as in Fawcett v. Fell, 77 Pa. 308; Wolf v. Hostetter, 182 Pa. 292; Cochran v. Arnold, 58 Pa. 399. The liability of John A. Wilson, being dependent upon facts not in the knowledge of the plaintiff until adduced on the trial before the arbitrators, and on the trial in court there being no objection made by John A. Wilson to the form of the statement or the proof adduced, there was no independent cause of action, substantially different from the one on which the suit was brought, and of this John A. Wilson had full knowedge through the statement filed: Hackett v. Carnell, 106 Pa. 291.

While all the testimony was submitted to the jury, it was submitted under an erroneous instruction. The plaintiff was entitled to have the jury find whether he was employed by John A. Wilson for and in behalf of Daniel Wilson, and there being no dispute at all as to the value of the services rendered, the court should have instructed the jury, that under the proof and admitted facts of the case, the defendant was liable, as an agent who had acted without, or in excess of his authority. Moreover, the appellee concedes that the testimony is overwhelming

that John A. Wilson was not the agent of Daniel Wilson and that he did not act in that capacity, and was not authorized as such.

The judgment is reversed and a venire facias de novo awarded.