## Taylor *v.* Graham, Appellant.

*Contract—Joint contracts—Parties—Action.*

In an action against two defendants jointly to recover on a joint contract, the plaintiff may have a verdict and judgment against one defendant, where the other defendant proves to the jury that he has paid his proportion of the debt and has been released from liability.

Argued Oct. 27, 1915.    Appeal, No. 270, Oct. T., 1915, by defendants, from judgment of C. P. Clearfield Co., Feb. T., 1914, No. 46, on verdict for plaintiff in case of Thomas Taylor v. Alfred Graham and H. J. Flegal. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.    Affirmed.

Assumpsit on a joint contract.

From the record it appeared that the claim was for $1,000.00 on a joint contract.

At the trial there was evidence that Graham had voluntarily given the plaintiff his note for $500.00, and that thereupon the plaintiff had released him from any further liability.    The court instructed the jury that if plaintiff had accepted a $500.00 note from Graham in full for Graham's liability they might then return a verdict against Flegal for $500.00 with interest.

Verdict and judgment against Flegal for $530.00. Flegal appealed.

*Error assigned* was the charge of the court.

*A. L. Cole,* with him *Howard B. Hartswick,* for appellant.—In an action arising ex contractu against joint defendants, the plaintiff must establish a joint liability in order to recover: McGrath v. American Machine Company, 4 Kulp 256; Loew v. Stocker, 61 Pa. 347; Fawcett v. Fell, 77 Pa. 308.

*W. C. Miller,* for appellee, cited: Burke v. Noble, 48 Pa. 168; Greenwold & Co. v. Kaster, 86 Pa. 45.

OPINION BY TREXLER, J., March 1, 1916:

The question involved is "In an action against two defendants jointly to recover on a joint contract, can plaintiff have verdict and judgment against one defendant," where the other defendant proves to the jury that he has paid his proportion of the debt, and has been released from liability. The question as to whether the one defendant had paid his proportion of the debt was, in the face of the denial of such payment by the plaintiff, a question for the jury. The jury found against the other defendant for the remaining half of the plaintiff's claim. In Burke v. Noble, 48 Pa. 168, it was held that a release of one of several joint debtors on payment of his share of the debt did not discharge the other, if it was not the intention of the parties. See also Schock v. Miller, 10 Pa. 401; Greenwald v. Kaster, 86 Pa. 45; F. & D. Co. v. Phillips, 235 Pa. 469. In Burke v. Noble, supra, it was suggested that the proper practice is to enter a nol pros as to the party released, but in the case before us that could not be done as the payment by the one defendant was denied, and had to be determined by the jury. The verdict settled that one party had paid and the other still owed his proportion. No inherent objection can be urged against the verdict as the result is that each defendant pays his just proportion and the question of contribution does not arise. It is not a case where in a joint suit recovery is sought to be had against one party to a joint contract to which the other defendant was found not to be a party. The defense we are now considering is not "to the contract itself, to destroy its joint character" (Coughenour v. Suhre, 71 Pa. 462), but is a defense arising out of the discharge of liability subsequent to the making of the contract by a payment pro rata.

It is hard to conceive how the question of the dis-

charge of the one defendant and the liability of the other could have been raised in any other way than in the form of action which was here brought.

Judgment affirmed.