J. B. White's Garage, Inc., v. Boyd.[*]

(In Banc. Jan. 23, 1928.)

[115 So. 334. No. 26857.]

1. PARTIES. *Statute abolishes common-law rule that all persons jointly liable on contract, express or implied, must be sued jointly (Hemingway's Code 1927, section 2324).*

Code 1906, section 2683 (Hemingway's Code 1927, section 2324), providing, among other things, that an action founded on joint contract may be brought against any one or more of parties jointly liable thereon, abolishes common-law rule that all persons jointly liable on contract, express or implied, must be sued jointly for breach of such contract.

2. EMINENT DOMAIN. *Where county and town jointly made contract for grading street, landowner could sue contractor and town for damages, for change of grade without joining county (Hemingway's Code 1927, section 2324).*

Where county and town jointly made agreement with defendant contractor for grading and paving street, property owner could sue contractor and town for damages to his lot and garage and filling station located thereon, caused by lowering grade of street, without joining county, whether his ground of action was one of tort or of implied contract, since Code 1906, section 2683 (Hemingway's Code 1927, section 2324), abolishes common-law rule that all persons jointly liable on contract, express or implied, must be sued jointly.

*Corpus Juris-Cyc. References: Eminent Domain, 20CJ, p. 1189, n. 35; Parties, 30Cyc, p. 121, n. 88; As to necessity of joining two or more persons in action involving joint liability, see 20 R. C. L. 677; 3 R. C. L. Supp. 1097; 6 R. C. L. Supp. 1231.

APPEAL from circuit court of Pearl River county.
HON. J. Q. LANGSTON, Judge.

Action by J. B. White's Garage, Incorporated, against Sam B. Boyd and another. From a judgment dismissing the action as to defendant named, plaintiff appeals. Reversed and remanded.

*J. M. Morse, Jr.* and *Morse & Bryan,* for appellant.

The court erred in failing to sustain the demurrer to the special plea in abatement as filed by Sam B. Boyd. Said plea in abatement does not set up any legal defense known to law. See *Atkinson* v. *Town of Decatur,* 131 Miss. 707, 95 So. 689. Our Supreme Court in *Tishomingo County* v. *McConville,* 139 Miss. 589, 104 So. 452, held that there was joint and several liability against the county and municipality for changing the grade in a municipality. The opinion of the court being in part, as follows: ''By virtue of the statute and section 17 of the Constitution, the county and municipality are jointly and severally liable for the injury and damage done appellee's property by the construction of the highway in

question.'' What does the court mean by joint and several liability? It simply means that we could sue the county and city separately if we elect so to do, or we could join them in one cause of action. We could sue Boyd and the city; we could sue Boyd and the county; we could sue Boyd singularly; we could sue the city singularly, or, we could sue them all jointly. But Boyd says that his liability arises out of a contract; that this contract was a joint undertaking of the county and the town to lower the grade and that he was the instrument through which they operated. Our answer to that is: the county and city could give Boyd no greater rights than they themselves had; that under section 17 of the Constitution they could not lower the grades themselves without compensating the plaintiff for the damage sustained. Boyd knew that the town of Poplarville could not cut down plaintiff's property without compensating the plaintiff therefor. Our court has repeatedly held that the authority of a municipality is limited by the authority granted to it by the legislature and all persons who deal with a municipality are presumed to know the powers thereof. See *Edwards House Co.* v. *City of Jackson,* 138 Miss. 644, 103 So. 429. A case in point is a *Kentucky case,* 177 Ky., 535, 197 S. W. 974, 7 A. L. R. 268. We quote in part from the opinion: ''One performing work under contract with a city for a public improvement is not absolved from liability for injury inflicted upon private property on the theory that he is acting as agent of the municipality in performing a function of government.'' The court erred in sustaining the plea in abatement as filed by Sam B. Boyd and in dismissing said suit insofar as it affected the defendant, Sam B. Boyd.

The court below erred in sustaining the special plea in abatement and in the sustaining of which the court based its ground upon the theory that Pearl River county was a necessary party to the litigation between the J. B. White Garage, Sam B. Boyd and the town of Poplarville.

*Mounger & Mounger,* for appellee.

We admit the correctness of the holding in the case of *Atkinson* v. *Town of Decatur,* 131 Miss. 707, 95 So. 689, as referred to by counsel for appellant, but in connection with that case we call attention to the fact that the claim in that case was for damages for a personal injury alleged to have been sustained on account of a defective bridge in one of the streets of the town. The action was one sounding purely in tort, and the court simply refused to relieve the city from liability simply because of the claim that the road was one maintained by the board of supervisors and highway commissioners. It was held that the municipality could not get rid of its liability in that way, but we submit that that case in no way applied to the case at bar, as we shall undertake to show later.

We admit further that one performing work under contract with a city for a public improvement is not absolved from liability for injuries inflicted upon private property on the theory that he is acting as agent of the municipality in performing a function of the government, but we submit that Boyd is not claiming exemption from liability on that ground, and his defense is perfectly consistent with those authorities. Counsel for appellant contend that the action against Boyd and the town of Poplarville is a tort growing out of an infringement of the plaintiff's property in the town of Poplarville, and they say it was a tort committed jointly by the town of Poplarville and Sam B. Boyd. Here we come to an issue. It is our contention that the defendant has waived the tort and sued for compensation and that the damages which he claims is compensation such as he is entitled to have against the town and the county not simply for grading down the street, but for establishing and maintaining a grade.

Counsel contend that the action is one of joint and several liability, and that as such the plaintiff may elect

whether to sue one or two or all, and his contention is that he might sue Boyd alone, or the city, alone, or the county alone, or might sue all together, and this is the proposition which we deny. In support of this proposition he cites *Tishomingo County* v. *McConville,* 139 Miss. 589, 104 So. 452. In that case the suit was against Tishomingo county and the town of Iuka jointly. The claim was for damages alleged to have been done to the plaintiff's property in the town of Iuka by lowering the grade of a certain street. The town of Iuka was not a party to the contract, but the town of Iuka gave its consent to the construction of said street by the county, and the court held that there was joint liability on the part of the county and the municipality. The municipality was liable because the statute did not divest the municipality of its jurisdiction over its street to the extent that it was relieved of liability. It acquiesced and consented to the construction, and having a duty to the property owners not to damage their property without first paying the plaintiff therefor, it was liable on that ground. The county was liable on one ground, the municipality on another, and both were liable, but this case is not authority for the proposition that Boyd is liable as a tort-feasor in the case at bar.

Argued orally by *W. E. Morse,* for appellant, and *Henry Mounger,* for appellee.

ANDERSON, J. Appellant, J. B. White's Garage, incorporated, brought this action in the circuit court of Pearl River county against appellee, Sam B. Boyd, and the town of Poplarville, to recover damages for an alleged injury done appellant's lot, and the garage and filling station located thereon, situated in the town of Poplarville, through the lowering, by appellees of the grade of the street in front of appellant's said property. There was a trial on the pleadings alone, resulting in a judgment dismissing the action as to the appellee, Sam B. Boyd, from which judgment the appellant prosecutes this appeal.

The question for decision arises on appellant's declaration; a plea of abatement thereto by the appellee, Boyd; a demurrer to the plea in abatement by appellant; and the judgment of the court overruling the demurrer and dismissing the cause as to the appellee, Boyd. The declaration, leaving off the formal parts, follows:

"That the plaintiff herein is, and for some time past has been, the owner of the hereinafter described property, and has been in continuous possession and occupancy thereof for a period of several years, said property having a frontage of approximately one hundred seventy feet on Main street in the town of Poplarville, Pearl River county, Miss., and is more particularly described as follows: All of block 7, east of Main street, except thirty feet by one hundred feet in the southwest corner owned by John T. Boyd, as per the original plat of the town of Poplarville, Miss. That the defendant, Sam B. Boyd, is a public contractor, and on or about the ―― day of ――, 1926, was engaged in lowering the grades of Main street in the town of Poplarville, Miss. That said town of Poplarville is a municipal corporation, operating and existing under and by virtue of the laws of the state of Mississippi, and, as such municipal corporation, constitutes a separate road district, and has general and exclusive management and control over the roads and streets in the municipality of Poplarville. That on a portion of said property the plaintiff herein owned and operated a garage and filling station, from which the plaintiff made a living, and that his said filling station was constructed with the level of the accepted grade of Main street of the town of Poplarville, as the same was heretofore established and recognized. That on or about the 6th day of April, 1926, the mayor and board of aldermen of the town of Poplarville decided to construct a hard-surface road on Main street, and to advertise for road bids, the action of the board being shown by the motion entered in minute book 4, page 5, of the records of

the town of Poplarville, and same being attached hereto
as Exhibit A. That on or about June 6, 1926, the board
of aldermen and mayor proceeded under House Bill 310
of the Laws of 1926, and undertook to construct a hard-
surface road on Main street through the town of Poplar-
ville, Miss., the action of said board being shown in min-
ute book 4, pages 18, 19, and 20 of the records of the town
of Poplarville, Miss., and a copy of same is hereto at-
tached as Exhibit B. That, under and by virtue of said
proposal, a contract was let to Hornaday Construction
Company, where said construction company assigned
said contract to Sam B. Boyd, one of the defendants here-
in, a copy of said assignment being recorded in minute
book 4, at pages 29 and 30, of the town of Poplarville,
Miss., and being hereto attached as Exhibit C. That
said defendant, Boyd, acting by authority, and with the
consent of, and under the express direction of, the town
of Poplarville, Miss., and without the authority or con-
sent of the plaintiff herein, lowered the grade of Main
street in front of the property of plaintiff, said grade
being changed a depth of —— feet, thereby damaging
and rendering the property of plaintiff useless as a filling
station, and making said property inaccessible for pe-
destrians, or for the purpose of cars entering said filling
station and automobile accessory. That the defendant,
Boyd, even lowered the grade in front of plaintiff's prop-
erty lower than that called for in the plans and specifi-
cations, a copy of said plans and specifications being
hereto attached as Exhibit D, and asked to be considered
a part of this declaration the same as thought here fully
set forth in words and in figures, which said plans and
specifications show that the town of Poplarville lowered
the grade in front of plaintiff's property a distance of
two to three feet. That the action of the defendants was
unjust, unreasonable, and was done in gross negligence
and in violation of the plaintiff's rights herein, and of
the rights guaranteed to him, under the Constitution of

the state of Mississippi and of the United States. That,
on account of the acts above alleged, the plaintiff was
practically unable to sell gasoline and other items of his
business at his filling station for a period of thirty days,
and that, as a result thereof, there was a loss in profit to
himself of five hundred dollars. That, by reason of the
fact that the plaintiff's property was blocked, and he
could not sell gasoline and other items of his business
at his filling station, a great number of his regular cus-
tomers went elsewhere and never returned, and has a
loss of business to the extent of three thousand dollars.
That the plaintiff has a showroom, a room approximately
thirty feet by thirty feet, inclosed with show windows
which had entrance upon the sidewalk, and was on the
level with Main street. That the said showroom is now
approximately two and one-half or three feet above the
level of Main street. That the loss to the plaintiff by
the depreciation of this room and the loss of its use is
two thousand three hundred dollars. That the plain-
tiff had at the back of his building a rack whereby he
washed cars for his patrons, and it was a necessary ad-
junct to his said business, and by reason of the lowering
said grade that plaintiff herewith has had to change his
drainage system, and change the location of his rack at
an expense to himself, and a loss of two hundred dollars.
That only a part of plaintiff's property is covered by a
building or service station. There is approximately
—— feet of vacant property fronting on Main street,
and this property, by the negligence of defendants has
been damaged in the sum of one thousand dollars. That
the property of the plaintiff herein was damaged by the
gross, reckless, and willful disregard of plaintiff's rights
and property, and that, as a consequence thereof, he was
compelled to tear up all of his concrete work in front of
his place of business, reinforce his building, grade his
property, cut down his sidewalk, repave in front of his
building, construct new drainage, thereby expending the

sum of three thousand dollars in bringing his filling station to the level of the street as established by the defendants Sam B. Boyd and the town of Poplarville, Miss. That as a result of said willful, wrongful, and careless negligence, also unlawful change of grade, on the part of the defendants, plaintiff's property was damaged in the sum of ten thousand dollars.

"Wherefore plaintiff brings this suit for a total sum of ten thousand dollars, and demands judgment against the defendants for the same, together with six per cent interest thereon, together with all costs."

Appellee's (Boyd's) plea in abatement to the declaration follows:

"Comes the defendant, Sam B. Boyd, and, for a plea in abatement to the declaration filed against him in this cause, the defendant says that, even if he be liable to the complainant in the manner and form set out in the declaration, and by reason of the facts therein stated, yet the county of Pearl River, in the state of Mississippi, should be made a party defendant to this cause, by reason of the fact that the county of Pearl River jointly with the municipality of Poplarville made and entered into a contract with this defendant to grade and to pave Main street in front of the plaintiff's property in accordance with plans and specifications provided by the county and municipality, and the county of Pearl River and the municipality of Poplarville jointly directed this defendant to grade the street and to construct the same in accordance with plans and specifications furnished to him; and, if there be any liability against this defendant and the municipality of Poplarville, there is a like and joint liability with them against the county of Pearl River, and the municipality of Poplarville is entitled to have the county held jointly liable with it; and the defendant, Boyd, is entitled to have the county, as well as said municipality, held liable for such damages as may be awarded the plaintiff as compensation for any injuries which

they have caused to said property by having the street graded and paved in accordance with their plans and specifications; that the county of Pearl River is subject to the jurisdiction of this court, and all this the defendant is ready to verify. Wherefore the defendant prays that this suit be quashed, and that he be discharged."

Appellant demurred to the plea in abatement upon the grounds, first, that it did not set up any defense known to the law; second, that the ground upon which the action was based was a tort; third, that, there being no statutory method prescribed for bringing suit under section 17 of the Constitution, appellant had the right to resort to any common-law action which would afford the proper redress for the injury complained of; and, fourth, that the cause of action was based on tort, and therefore the liability was joint and several, and, under the law, appellant had the right to elect either to sue all, or less than all, of those liable.

The trial court held, in accordance with the appellee's (Boyd's) contention, that the action was based upon an implied contract, and that appellees and Pearl River county, which was not sued, were jointly liable to appellant for the injury complained of, that such liability was joint, and not joint and several, and that therefore, under the common law which controlled, appellant should have sued all those jointly liable, one of whom was Pearl River county and that, having failed so to do, appellee's (Boyd's) plea in abatement, based upon that ground, should be sustained, and the cause dismissed as to him.

Appellant contends that the action is not based on a contract, either express or implied, but on a tort committed against him by appellees and Pearl River county, not sued, in lowering the grade of the street upon which its property abutted, that, under the law, liability for such a tort is both joint and several, and, therefore, that appellant had the right, at its election, to either sue all or less than all, of the joint tort-feasors, and, if mistaken

in that contention, appellant takes the position that, if the action is grounded upon contract, either express or implied, the common-law rule that all those jointly liable thereon had to be sued was abolished by section 2683, Code of 1906 (section 2324, Hemingway's 1927 Code).

The common-law rule was that, where several persons were jointly bound by contract, either express or implied, they had to be sued jointly in one action for the breach of such contract and could not be sued separately in several actions. 15 Encyc. of Pl. & Pr., par. (b), page 548; and par. (bb), p. 556; 20 R. C. L. par. 16, p. 677, where the rule is thus stated:

"Generally speaking, all joint obligors, that is, all persons whose liability on a contract, or *quasi*-contract, is joint and not several, not only may be joined as parties defendant, but must be joined, *unless the rule is modified by statute.*" (Italics ours.)

Section 2683, Code of 1906 (section 2324, Hemingway's 1927 Code), is in this language:

"In any action founded on a joint or joint and several bond, covenant, bill of exchange, promissory note, or other contract, or on a contract or liability of copartners, it shall be lawful to sue any one or more of the parties liable on such bond, covenant, bill of exchange, promissory note, or other contract or liability; and separate suits may be brought against the representatives of such of the parties as have died, or joint suits may be brought against the representatives of the deceased party and those who are alive and bound therein; and the rendition of judgment against one or more joint, or joint and several debtors shall not affect any right of the plaintiff as to the other parties, unless satisfaction has been obtained."

It will be observed that the statute provides, among other things, that an action founded on a joint contract may be brought against any one or more of the parties jointly liable thereon. We think the purpose of this

statute was to abolish the common-law rule that all persons jointly liable on a contract, express or implied, had to be sued jointly for a breach of such contract. There was just as much reason for abolishing the common-law rule as to implied contracts as to express contracts, and certainly implied contracts, which are sometimes denominated in the law books as *quasi*-contracts, are within the language of the statute. We think it clear that they are as much within the intendment of the statute as within its language.

It follows from these views that, whether the ground of appellant's action be one of tort or of implied contract, appellant had the right, at its election, under the statute, to sue one or all of those jointly liable.

*Reversed and remanded.*

Pack, J., took no part in this decision.