## Baldwin, Appellant, *v.* Ely.

Submitted April 13, 1937.

Before KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD, PARKER, JAMES and RHODES, JJ.

*Russell M. Orcutt* and *McGill & McGill,* for appellant.

*Osmer & Osmer,* for appellee.

OPINION BY BALDRIGE, J., July 15, 1937:

The only proposition involved in this appeal is one of procedure. It presents this question: May a suit be

maintained by a creditor against one joint obligor for his proportionate share of an obligation under a written contract, where the creditor made a settlement and released the other two joint obligors of their proportionate liabilities, but reserved the right to proceed against the remaining obligor? We think the learned court below was correct in giving a negative answer.

On July 1, 1912, G. Daniel Baldwin, the appellant, entered into a written lease with T. E. Minshall, I. S. McMullen, and T. B. Ely, the appellee, whereby the lessees agreed to pay a stipulated rent, taxes, etc., for a period of ten years. This action was brought against defendant alone to recover one-third of the rental for the year 1916 and of the taxes paid by plaintiff. The statement of claim set forth that prior to the institution of the suit, the plaintiff "made settlement with T. E. Minshall and I. S. McMullen for their proportionate part of the rentals and taxes due from them to the plaintiff......reserving his rights to proceed against the said T. B. Ely, defendant, for the remaining one-third of said rentals and of the taxes so paid by the plaintiff.

The defendant filed a statutory demurrer to plaintiff's statement, alleging, in substance, that he never agreed, individually, to pay one-third of the original joint obligation. The court below sustained the demurrer and entered judgment for defendant.

If this dispute involved substantive law only, we would unhesitatingly hold that the creditor can recover from this remaining joint obligor, notwithstanding he released the others, as he expressly reserved the right to sue him. Under the common law, however, the release of one was a release of all, and this rule was followed in our earlier cases (*Milliken v. Brown*, 1 Rawle 391; *Burson v. Kincaid*, 3 P. & W. 57), but it was modified many years ago. Now, where a creditor, as in the case at bar, discharges joint promisors, expressly re-

serving his rights against one not released, the intention of the parties is given effect. Such an agreement is construed as a covenant not to sue or as a qualified release: *Burke et al. v. Noble*, 48 Pa. 168; *Greenwald & Co. v. Kaster*, 86 Pa. 45; *Bryant v. Bryant et al.*, 295 Pa. 146, 114 A. 904; Williston on Contracts (Rev. ed. 1936), p. 991, §338; 53 A. L. R. p. 1420 et seq.; 23 R. C. L. p. 404, §33. We will discuss later what constitutes a breach of such a covenant.

Let us turn to a consideration of the proper procedure in a case of this character. The general rule at common law was that all joint obligors or the survivors who were in the jurisdiction must be joined as defendants in an action: 2 Standard Penna. Practice, p. 378, §60; 20 R. C. L. p. 677, §16; 47 C. J. p. 89, §176; Williston on Contracts (Rev. ed.), p. 950, §327; *Mintz v. Tri-County Natural Gas Co.*, 259 Pa. 477, 103 A. 285. This rule remains in effect, except where changed by statute.

The Act of March 22, 1862, P. L. 167 (59 PS §132), provides that where a separate settlement is made with a creditor and a note or memorandum in writing is taken, exonerating him from liability, the writing may be given *in evidence* as a bar to the creditor's right to recover against the released obligor. The Act of June 29, 1923, P. L. 981 (12 PS §685), also related only to procedure after suit had been brought. The Act of May 25, 1933, P. L. 1057 (12 PS §151), provides that any person having a right of action on a written instrument of any kind, *"except one creating a purely joint obligation,"* may, at his option, "join as defendants in a single action thereon all or any one or more persons alleged to be severally, jointly or severally, or jointly and severally liable to him."

It is thus evident that it was the clear purpose of the Legislature not to change the existing and well-recognized procedure relating to joint obligations, which, as above stated, is that a plaintiff is bound to

*sue* all parties in a joint contract. It was so held in *Burke et al. v. Noble,* supra, but the court there refused to decide (p. 175) whether a nolle prosequi should be entered before or after judgment, as that question of practice was not raised.

Many jurisdictions have statutes permitting separate suits against one or more joint obligors.[1] No authority has sanctioned a separate suit, in so far as our research discloses, in the absence of legislative authority.

The rule that all joint obligors living and within the jurisdiction must be included in the action is approved in Restatement, Contracts, §117, which reads as follows:

"Each person bound by a joint promise is bound for the whole performance thereof, but by making appropriate objection can prevent recovery of judgment against him unless there are joined as defendants all promisors who were orginally jointly bound with him, except such of them as are at the time of suit dead or beyond the jurisdiction of the court."

Illustration 3, under this section, states that where the plaintiff is prepared to show that one of the joint obligors was discharged in bankruptcy, or a defense of the statute of limitations is pleaded, such obligor nevertheless must be joined. It logically follows that joinder is necessary where the defense is a personal contractual discharge of one or more of the joint obligors.

In our Pennsylvania cases involving joint contracts, where one obligor sets up a defense applicable only to himself—as infancy, bankruptcy, insanity, statute of limitations, etc.—a judgment in favor of the person

---

[1] *Miller v. Sullivan* (Tex.), 35 S. W. 362 (1896); *McDonald v. Cabiness* (Tex.), 102 S. W. 721 (1907); *Hoatson v. McDonald* (Minn.), 106 N. W. 311 (1906); *J. B. White's Garage, Inc. v. Boyd* (Miss.), 115 So. 334 (1928); *Wisdom v. Guess Dry Cleaning Co.* (D. C. Miss.), 5 Fed. Supp. 762 (1934); *Welch-Sandler Cement Co. v. Mullins* (Mo.), 31 S. W. (2d) 86 (1930).

having the individual defense does not discharge the others: *Wolff v. Wilson,* 28 Pa. Superior Ct. 511; *Swanzey v. Parker,* 50 Pa. 441; *Weist v. Jacoby,* 62 Pa. 110. In *Taylor v. Graham,* 62 Pa. Superior Ct. 246, plaintiff sued two joint obligors on a thousand dollar contract. One defendant proved he paid $500 and received a release from plaintiff. The court sustained a verdict and judgment against the other alone for $500. The question now raised was not before us there, as plaintiff sued both joint debtors. We there said, however (p. 247) : "It is hard to conceive how the question of the discharge of the one defendant and the liability of the other could have been raised in any other way than in the form of action which was here brought. There is no intimation in any of our cases that all joint obligors should not be made parties to the action and the defense relied upon proven.

Accepting the plaintiff's qualified release of two of the joint obligors as a covenant not to sue, the question arises, whether it is violated by making them defendants in a suit on a joint promise. We think it is not. Such a covenant is breached, not by bringing a suit and obtaining judgment, but by seizing their property to satisfy the judgment. This principle is approved in Restatement, Contracts, §124:

"A contract by the person entitled to receive performance not to sue one or more joint, or joint and several promisors is not violated by making such promisors defendants in a suit on the joint promise and obtaining judgment against them, if none of their assets are seized by the plaintiff in entire or partial satisfaction of the judgment. But a contract that one or more of such promisors shall not be sued or made answerable by anyone upon the joint promise is violated if any of their assets are seized or they are in any way made answerable either by the person entitled to receive performance or by a co-promisor."

Williston, in his work on Contracts (Rev. ed. 1936), vol. 2, p. 1013, §342, states:

"In view of the common-law necessity of joinder of all joint obligors, and the formal nature of the requirement when the released joint obligors are made parties defendants merely for the purpose of obtaining a judgment to be enforced against the others, such joinder is no violation of the contract."

While our Pennsylvania cases hold that an unreleased obligor is entitled to a credit for the proportionate share or shares of those released, they do not go so far as to state that a suit may be brought against one without the joinder of the other. As the nature of a joint obligation, as it existed under the common law, has been so modified as to permit a release of the joint obligors, it may seem, at first blush, from a practical standpoint, unreasonable and useless to require suit to be brought by a plaintiff against those who, under his averments, are not indebted to him. But we must not lose sight of the fact that we are dealing with what is fundamentally a single joint obligation of three parties. By their contract they agreed they should be joined and sued as one principal. A release may discharge one of liability to pay anything further, but it does not relieve him of the duty of answering jointly with the others for the entire obligation in a single suit. Those released may have given no consideration or only a nominal one. One who is legally united with the others in a joint obligation should, in all fairness, be given information of the amount that was paid and the nature of the release and all of the circumstances connected therewith. It would seem unconscionable and inequitable to demand the full one-third of the joint obligation and relieve the other two by paying a trifling amount.

The plaintiff did not allege that the other two joint obligors paid their full proportionate shares, only that

a "settlement" was made with them. In many instances, right of contribution arises amongst joint obligors, which should be carefully protected. In *Greenwald & Co. v. Kaster,* supra, it was held that a release of a joint obligor did not defeat the right of contribution of one not released. We will not endeavor further, however, to foreshadow possible liabilities that might arise under the equitable doctrine of contribution, but will confine ourselves to the primary and controlling question, which, as we stated in the beginning, is one of procedure. If, as appellant alleges, those released would be compelled to go to the expense and inconvenience of defending an action, when he acknowledges they are not indebted, our answer is that, if a change in the present procedure recognized by statutory and judicial authority, seems advisable, that is a matter for the Legislature and not for the courts.

Our view, in conclusion, is that the release of the two joint obligors may have discharged them from any further payment, but it does not relieve them from the necessity of answering with the other defendant, as this action is founded, not on a several, but on a joint obligation.

Order of the learned court below sustaining the demurrer is affirmed, at appellant's costs.