# Bentley et al., Executors, *versus* Lamb.

1. A positive promise which is not contrary to law or to public policy, or obtained by fraud, imposition, undue influence, or mistake, is an obligation in morals, and is a sufficient consideration for a subsequent express promise.

2. An employer gave his employe a written agreement to give him a due bill as additional compensation for services rendered. In performance of this agreement he gave the due bill. There was no distinct proof that the said services rendered had been fully paid for. In an action by the employe on the due bill against the executors of the employer, *Held* that it was not error to direct a verdict for the plaintiff in the absence of any defence except the alleged want of consideration for the promise.

March 29th, 1886. Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas, No. 1, of *Philadelphia county:* Of July Term, 1885, No. 142.

This was an action of *assumpsit* upon a due bill given to

[Bentley et al., Executors, *v.* Lamb.]

plaintiff by defendant's testator.   The *narr*, in addition to the common counts, contained a special count on the due bill.

The pleas were *non assumpsit*, payment with leave, &c.

The action was brought on the following due bill:

"Phila., April 5th, 1883.

"Due Miss Julia W. Lamb, Three thousand dollars additional compensation as saleslady in my store, No. 728 Spring Garden Street, payable within one year after my decease by my Executors or Administrators, to be paid out of my estate. If Miss Julia W. Lamb dies before it becomes due, the money will revert back to the estate.

"(Signed)     JOHN B. GREEN,<br>"728 Spring Garden Street."

This was given in pursuance of an agreement of like date, which read thus:

"Phila., April 5, 1883.

"Whereas Miss Julia W. Lamb has been in my employ for about twenty-three years as saleslady, and having been faithful in the discharge of her duty, and wishing to give her additional compensation for the services rendered, I hereby agree to give her a due bill for Three thousand dollars, payable by my Executors within one year from the time of my decease, to be paid out of my estate.

"(Signed)     JOHN B. GREEN,<br>"728 Spring Garden Street."

The facts of this case must be gathered almost entirely from the above papers, as the court excluded the testimony of the testator's daughter as to what she knew of the claimant, and of her services, during her father's lifetime, and of another witness who was ready to prove the value of claimant's services.

John B. Green died on the 14th day of June, 1883, leaving a last will dated 1st June, 1883, which revoked all prior wills.

Testator's daughter swore that on the Tuesday following her father's decease she paid the plaintiff "her week's wages, six dollars. I knew that six dollars was her week's wages, as I have frequently paid her before. She did not claim anything more being due her. She said that it was all right."

The court instructed the jury to find a verdict for the plaintiff, which they accordingly did in the sum of $3,153.

Judgment was entered upon the verdict, whereupon the defendants took this writ, assigning for error the instruction of the court to the jury to find a verdict for the plaintiff.

2 AMERMAN—31

[Bentley et al., Exeecutors, *v.* Lamb.]

*John G. Johnson*, for plaintiffs in error.—The paper upon which the suit was brought was testamentary in its character. It was a gift of money, to take effect after the promisor's decease, to be paid out of his estate by his executors, and to "revert back to the estate," in case the donee should not survive. It might have been proven as a testamentary writing, but for the fact of its revocation by the last will made at a later date.

"A precedent debt can only result from a contract fully completed and reduced to certainty, and it consequently comes fully within the general rule, that a past transaction in which nothing has been left open by the parties for future adjustment, cannot support a new promise or give rise to an obligation differing in any way from its own. It is consequently well settled, that without some new and sufficient consideration, no new and distinct contract can be built on a debt already in existence : Barnet *v.* Temple, 4 Taunt., 117 ; Rex *v.* Adams, 9 Verm., 233 ; Russell *v.* Buck, 11 Id., 166 ; Phalon *v.* Stiles, Id., 82 ; Shirley *v.* Harris, 3 McLean, 330 ; Gilman *v.* Kibler, 5 Humph., 19 ; Barker *v.* Bucklin, 2 Denio, 45 ; Jackson *v.* Jackson, 7 Ala., 791 ; Chamberlain *v.* Whitford, 102 Mass., 450 ; Judge Hare in note to Vadakin *v.* Soper, 2 Am. Lead. Cas., 180. See also on this subject Ayers *v.* R. R. Co., 52 Iowa, 478 ; Chambers *v.* Davis, 3 Wh., 47 ; Johnstone *v.* Johnstone, 7 Casey, 453 ; Forbes *v.* Harrisburg Gas Co., 1 Pears., 118 ; Moyer *v.* Kirby, 2 Id., 64.

*James S. Williams* and *M. Hampton Todd*, for defendant in error.—An instrument cannot be construed as a will where, by it, a present interest is vested in the payee, although actual payment is postponed until after the death of the party to be charged thereby : Meck's Appeal, 1 Out., 313 ; Greenfield's Estate, 2 Har., 489 ; Book *v.* Book, 15 W. N. C., 150 ; Mack's Appeal, 18 Sm., 231.

When the due bill in suit was delivered it became an irrevocable promise to pay $3,000, qualified only by the condition that the payee should live for the period of one year after the death of the maker.

A past consideration, flowing from a benefit conferred, will support an express promise : Greeves *v.* McAllister, 2 Binn., 591.

In Hassinger *v.* Solms, 5 S. & R., 14, Duncan, J., says : "The ties of conscience on an upright man are a sufficient consideration ; and, although no court of law or equity could have enforced the payment, yet this affords a sufficient consideration, if not to raise an implied *assumpsit*, to support an express promise."

[Bentley et al., Executors, v. Lamb.]

In Albany City Insurance Company v. Whitney, 20 Sm., 248, SHARSWOOD, J., says: "It may be that such an action would not lie for salvage without a promise to pay, because, being a voluntary service, performed without previous request, there is no sufficient consideration to support an implied *assumpsit*. But a benefit conferred or service rendered, though purely voluntary, is sufficient consideration to support an express promise."

To the same effect are the following cases: Clark v. Herring, 5 Binn., 33; Cunningham v. Garvin, 10 Barr, 366; Lycoming v. Union, 3 Har., 166; Landis v. Royer, 9 Sm., 95; Woodbridge v. Spooner, 3 B. & Ald., 233. Where note was payable to plaintiff "for value received and his kindness to me," held to show a sufficient consideration.

Mr. Justice GREEN delivered the opinion of the court, April 26th, 1886.

We do not see how we can say as matter of law that there was no evidence of a consideration for the obligation in suit. There was no testimony as to what the actual agreement of the parties was in regard to the compensation to be paid to the plaintiff for her services. There was inferential evidence that it was six dollars per week, because that amount was paid to, and accepted by her, for one week's service after the testator's death. But this is not necessarily inconsistent with a possible promise that she should be paid a larger sum. It is of course consistent with the theory that the sum thus paid was the stipulated compensation, and therefore it would be evidence, though not conclusive, in an action for the services. But here the action is upon an express positive promise in writing, signed by the decedent, to pay a fixed sum. The only defence is want of consideration. What is the state of the proof upon this subject? A previous writing, also signed by the decedent, is in evidence, in which he recites that the plaintiff had been in his employment for twenty-three years as saleslady, that she had been faithful in the discharge of her duty, and that he wished to give her additional compensation for her services, and in consideration of these facts he agrees that he will give her a due bill for three thousand dollars, to be paid by his executors within one year after his death. The decedent lived upwards of two months after this paper was executed, and the plaintiff continued to render him service to the time of his death. The writing not only recognizes but declares that the due bill shall be given as *compensation* for services rendered—additional compensation it is true—but compensation nevertheless. To what it was additional we do not know. Whether it was additional to full or only partial

[Bentley et al., Executors, *v.* Lamb.]

compensation previously paid is only a matter of conjecture. There is no inference of law that the previous compensation was in full, and the inference of fact would rather be that it was partial only, simply because the decedent himself so treats and declares it. Such a declaration is certainly some evidence that there was an obligation which the decedent regarded as binding upon him, and in consideration of his own sense of duty in the circumstances, no matter how it arose, he contracted with the plaintiff that he would give her a due bill for the amount stated. In execution of this contract he did give her the due bill in question upon which this suit is founded. If it be granted that the agreement to give the due bill imposed no legal obligation, how can it be denied that it created at least a moral obligation to do so. The duty to perform a positive promise which is not contrary to law or to public policy, or obtained by fraud, imposition, undue influence or mistake, is certainly an obligation in morals, and if so, it is a sufficient consideration for an express promise. But in the due bill the recital of the consideration of actual services rendered is repeated, and it is some proof that the services had been rendered, and had not been fully compensated. The decedent himself so admits and asserts, and it would be an unjust assumption in the law to infer the contrary in the face of such testimony. These features in the present case constitute a wide difference between it and the cases cited for the plaintiff in error, in which it was either proved or properly assumed that the past consideration was entirely executed. Here there is, in the first place, a written agreement to give the due bill, and the actual execution and delivery of the due bill in performance of that agreement. There is in addition the undisputed declaration of the promisor that both the agreement and due bill were given as compensation for long and faithful services actually rendered by the plaintiff, and no distinct proof that those services had been fully paid for. In such circumstances we cannot say there was no evidence of any obligation, legal or moral, to give the due bill in question, and such being the case, there being nothing else to impeach the right of recovery, the court below was right in directing a verdict for the plaintiff.

Judgment affirmed.