## Stiteler *v.* Ditzenberger, Appellant.

*Principal and agent—Authority of agent—Acting in excess of authority —Personal liability.*

1. If a person undertake to perform an act as the agent of another and he does not possess authority from his principal therefor, or if he exceed the authority accorded to him he will be personally liable to the person with whom he is dealing. And this is so whether the agent falsely misrepresents his authority with intent to deceive or not, or with knowledge of his want of authority without intending any fraud he assumes to act as though he were fully authorized; or where he acts with a bona fide belief that he has authority but in fact has not.

2. Where a tenant is given authority by his landlord to contract for work on the leased premises to an amount stated, but without any authority therefor enters into a contract for a much larger amount, he will be personally liable for the difference; and the fact that the landlord pays to the contractor the amount which he had authorized the tenant to expend, is not a ratification, but rather a repudiation of the contract made in excess of the amount specified.

Argued Oct. 25, 1910.   Appeal, No. 228, Oct. T., 1910, by defendant, from judgment of C. P. Clearfield Co., Dec. Term, 1908, No. 325, on verdict for plaintiff in case of Lee Stiteler v. George Ditzenberger. ˙ Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

Assumpsit for labor and material.

HOLT, P. J., specially presiding, charged in part as follows:

Lee Stiteler has brought this action against George Ditzenberger for the purpose of recovering a balance of a claim, which the plaintiff avers is due to him from the defendant, amounting to $594.05, with interest thereon from August 18, 1908.   As the basis of his right of action in this case he has offered testimony for your consideration to the effect that in the latter part of the year 1907, along about December 23, the defendant holding himself out as the representative or agent of the owners of a certain property in which the defendant was keeping a hotel, by the name Scheutz, Renziehousen & Company, employed him to do the work of papering, painting and otherwise modifying the interior of the hotel in which the defendant was living at that time and which he held as a tenant from the owners of the building.   You have heard the testimony of the plaintiff as to the nature and character of that work, gentlemen, and he has testified that the total amount of his bill, including $10.00 worth of varnish which the defendant purchased from him, amounted to $1,216.18, and that he had been paid on account thereof the sum of $622.13, leaving this balance of $594.05.

It seems, gentlemen of the jury, that the owners of the hotel property, prior to the time of this engagement of the plaintiff by the defendant as agent for the property owners, had received a bid for the doing of this work from a person by the name of Romulus Stiteler and the bid amounted to $622.13.   It is in evidence that upon the re-

ceipt of this bid of Romulus Stiteler the owners of the hotel property wrote a letter to the defendant in this case, inclosing with the letter this bid of Romulus Stiteler, authorizing the defendant in this case as their representative to close up the contract for this work in the hotel for the price of $622.30, authorizing him of course to make the contract with Romulus Stiteler. But it seems that the defendant by a mistake—and I think you will find that there is no contradictory evidence on that point—entered into a contract with the plaintiff, Lee Stiteler, not exhibiting to him the specifications and bid that had been received by him from his principals, the owners of the hotel; making a contract in general terms with the plaintiff for the doing of this work, not specifying any amount, as I remember the testimony.

But later or before the transaction was closed up between Lee Stiteler and the defendant, or during the negotiations, the evidence is undisputed in this case that he asked Lee Stiteler, the plaintiff, if he had a bid in for this work and that he informed him that he had. Now just what that bid was I believe we do not know, gentlemen.

There is testimony here on the part of Lee Stiteler that he had given a bid or an estimate to the person by the name of Chambers, an estimate or a bid for which this work would be done, but the plaintiff denies that he gave the owners of the property any bid for the doing of this work. So that, gentlemen of the jury, when Lee Stiteler, the plaintiff, and the defendant met at the hotel for the purpose of closing up the transaction, I do not recall that there is any testimony in the case that they there discussed any specific terms what the contract price would be or when the work was to be done, or that plaintiff was to receive so much as the same might be worth. But it seems that the defendant notified the plaintiff that he had received word from the owners of the hotel property to let him, Lee Stiteler, have the contract, and the defendant says that Lee Stiteler said that he had a bid in for the work. So, gentlemen, it is apparent that there was a

mistake made in this case.  It is admitted that the defendant did receive this bid for $622.13 and the letter accompanying the same, authorizing him to employ a person by the name of Stiteler to do that work.  Now the bid discloses the name of Romulus Stiteler and the letter written by Scheutz, Renziehousen & Company also contains the name of the person who had submitted the bid.

[Now we say, gentlemen of the jury, that if the defendant in this case, with the written authority from his principals and the bid in his possession, made an error and authorized work to be done that his principals did not authorize him to do, and the plaintiff did not have knowledge of the want of authority, then the plaintiff would have a right to recover from the defendant in this case the price and value of the work which he did that was not authorized by the owners of the building.  Now it is for you, gentlemen, to determine what amount of work did the plaintiff perform on the strength of this employment of him by the defendant.  You will find in this case that the defendant represented to the plaintiff that he was acting for the owners of the building, Scheutz, Renziehousen & Company.  But, gentlemen of the jury, it is the law that even if one does make the statement or representation to one with whom he deals that he is acting in the transaction as an agent of another, that he is only excused from personal liability when he carries out in his contract that which he is authorized to do.  If he exceeds the authority that authorizes something else or something in addition to be done, he thereupon becomes personally liable and the person doing the work may elect to treat him as principal so far as the work or that part of it that was not authorized was concerned.] [1]

Now, gentlemen of the jury, you will under this evidence in the case determine work in addition to that which was authorized, how much in addition to this bid of $622.13 did this plaintiff perform at the instance and request of this defendant.  You have the testimony of the witnesses as to the amount of work done wherein it ex-

ceeded that which was specified in this bid, in relation to which the owners of the property authorized the defendant to contract. Now if you find that the plaintiff performed work at the instance and request of this defendant over and above that amount, then determine the fair and reasonable value thereof. You have the testimony of the plaintiff as to the full amount of the work, he has testified that it all aggregated $1,216.18. Now do you find under the evidence, gentlemen of the jury, that he is correct in that, and if you do, then there would be the balance of $594.05 of the bill unpaid.

Verdict and judgment for plaintiff for $500. Defendant appealed.

*Errors assigned* were (1) portions of charge as above, quoting it, and (2) in not directing a verdict for defendant.

*A. L. Cole*, with him *L. E. Boyer*, for appellant, cited: Clark v. Lindsay, 7 Pa. Superior Ct. 43; Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547.

*W. C. Pentz*, with him *W. L. Calkins*, for appellee, cited: McConn v. Lady, 10 W. N. C. 493; Wolff v. Wilson, 28 Pa. Superior Ct. 511; Simpson v. Kerkeslager, 41 Pa. Superior Ct. 347.

OPINION BY HENDERSON, J., March 3, 1911:

It is a well-established rule that if a person undertake to perform an act as the agent of another and he does not possess authority from his principal therefor or if he exceed the authority accorded to him he will be personally liable to the person with whom he is dealing: Wharton on Agency, sec. 524; 1 Pars. on Cont. 67; 2 Smith's Lead. Cases, (10th ed.) 380, note; Story on Agency, (10th ed.) sec. 264; Jefts v. York, 64 Mass. 392; Baltzen v. Nicolay, 53 N. Y. 467; McConn v. Lady, 10 W. N. C. 493; Kroeger v. Pitcairn, 101 Pa. 311; Wolff v. Wilson, 28 Pa. Superior Ct. 511. And this is so whether the

agent falsely misrepresent his authority with intent to deceive or not; or where with knowledge of his want of authority without intending any fraud he assumes to act as though he were fully authorized; or where he acts with a bona fide belief that he has authority but in fact has not. Where a party has been misled to his prejudice by the unauthorized act of an agent he is not limitied to an action against such agent for the injury done but he may treat him as a principal and recover as if the contract were with him individually. The reason for this is that the party dealing with the agent has no recourse against the principal; the contract is not his in fact, and justice requires that the person who occasioned the loss to the other party to the contract should be made responsible because of his unauthorized conduct. Even in a case where the agent honestly believes he has authority to make a contract, but in fact has not, a plain principle of justice requires that if an injury be done to another by the assumption of an unauthorized authority the person occasioning the loss should be responsible rather than the party who was misled to his hurt by the exercise of such assumed power. The application of this principle to the present case leaves no room for hesitation in approving of the action of the court below. It was admitted that the plaintiff performed the work for which his bill was rendered. It was clearly proved that the defendant had no authority to contract for the amount and character of work performed. It was also shown that he knew or might have known that the expense to be incurred was limited to $622.13, for the bid of Romulus Stiteler which was in writing and was forwarded by the owners of the building to the defendant amounted to that sum and this bid appears to have been in the possession of the defendant at the time the contract was made with the plaintiff and during the period covered by the plaintiff's work. The landlords having repudiated the act of their tenant the plaintiff was at liberty to treat the defendant as the prin-

cipal in the case. He was the only person with whom the plaintiff dealt and he assumed authority to order work of an amount and character greatly in excess of that which the landlords permitted. The plaintiff was justified in assuming that the defendant had authority to do this for he was there in the possession and use of the hotel and claimed to be acting for the owners in ordering the work. If he is required to pay that which he supposed was covered by the bid of Romulus Stiteler he has himself alone to blame, for a reference to the letter written to him by his landlords dated December 23, 1907, and the Romulus Stiteler bid which accompanied it, would have pointed out to him the limit of his authority.

The payment by the landlords to the plaintiff of an amount equal to the Romulus Stiteler bid was in no sense a ratification of the defendant's act. It was a repudiation, rather. They declined to recognize the plaintiff's contract or to pay his bill, but inasmuch as work had been done in excess of the Romulus Stiteler bid the landlords were willing to pay as much as they had permitted the tenant to contract for on their account. This was a fair and businesslike transaction on their part but did not commit them in any way to the payment of more than that amount.

Objection is made that it is not averred in the declaration that the plaintiff's contract was with the landlords, Scheutze, Renziehausen & Co., and that the plaintiff in assuming to act for them exceeded his authority and entered into the contract which is the basis of this action; and Schalcher v. Bergdoll, 41 Pa. Superior Ct. 547, is referred to as an authority. That case does not sustain the appellant's position, however. It came up on an appeal from an order of the court making absolute a rule for judgment for want of a sufficient affidavit of defense and the defendant undertook to set up by way of defense an alleged agreement entered into by an agent, which was said to have been done without authority, but the affidavit having recited the facts failed to set forth that

the principal had not authorized the agent to make the representations and agreement which the affidavit declared the agent made for the principal and this was held to be a defective averment.  There were other grounds, however, on which the opinion of this court was based and which were sufficient to support the conclusion there reached.  The case was adequately presented to the jury in the charge of the learned trial judge and the verdict of the jury was in harmony with the weight of the evidence.

The judgment is affirmed.