# Cochran et al. v. Stevenson, Appellant.

*Practice, C. P.—Parties—Joint interest of plaintiff—Principal and agent—Undisclosed principal—Notice—Extra compensation.*

1. In an action brought by two brothers to recover extra compensation for special services rendered at the request of a defendant for handling various matters in connection with financing the purchase and resale of a property, a judgment on a verdict for plaintiffs will not be reversed on the ground of the misjoinder of plaintiffs, where the written and oral evidence in the case tended to show that plaintiffs were jointly interested in the compensation for such services.

2. In such case, defendant cannot allege as a defense that the services were rendered for other parties, interested in the property, besides himself, where there is no evidence that plaintiffs had notice that defendant was acting for other parties as agent. In the absence of such notice, plaintiffs were justified in holding defendant personally liable for services rendered at his request.

3. If other persons interested in the property are legally bound to contribute, defendant's remedy is against them.

4. Where, in such case, it appears plaintiffs were not parties to the agreement to finance the properties with a share in the profits, except that they were to receive a specified sum due them out of the proceeds, and a commission on the sale, defendant cannot claim they were not entitled to compensation for extra services rendered at his express request, on the ground that they were jointly interested in the venture.

5. A service rendered in a matter not connected in any manner with the sale of the property, is a proper subject for extra compensation, if such compensation was agreed upon by defendant.

6. Where defendant claimed that, for some of the extra services, plaintiffs were paid by other parties, and this is denied, defendant's rights were safeguarded by an instruction to the jury that if plaintiffs received compensation from others for a part of the services

for which they made claim, defendant should not be required to pay a second time for the same services.

7. An instruction to the jury that, as the testimony relating to the value of the services was that given by plaintiffs, which was uncontradicted, they were entitled to recover, if at all, the amount claimed, is proper, where it appears the amount was not seriously questioned at the time, and there was testimony that the charges were the same as those made to other persons for similar services, and that each item was fixed at a sum the service was reasonably worth.

*Contract—Promise to pay bill — Consideration — Services rendered.*

8. A promise to pay a bill in consideration of services rendered, will bind the promisor.

Argued February 7, 1921. Appeal, No. 120, Jan. T., 1921, by defendant, from judgment of C. P. Delaware Co., June T., 1918, No. 539, on verdict for plaintiffs, in case of Samuel J. Cochran and Archibald A. Cochran v. S. Price Stevenson. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ. Affirmed.

Assumpsit for services. Before HAUSE, J., specially presiding.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiffs for $1,811.88. Defendant appealed.

*Errors assigned* were various rulings and instructions, appearing by the opinion of the Supreme Court.

*A. B. Geary,* of *Geary & Rankin,* for appellant.—Where too many are joined as plaintiffs the suits cannot be maintained: McNulty v. O'Donnell, 27 Pa. Superior Ct. 93; Lockhart v. Power, 2 Watts 371; Pringle v. Gaw, 5 S. & R. 536; McDonald v. Simcox, 98 Pa. 619.

Appellees were not acting for appellant, but for all parties in interest.

The parties to this suit were engaged in a joint venture and appellees were not entitled to recover: Marsh's App., 69 Pa. 30; Lindsey v. Stranahan, 129 Pa. 635; Delp v. Edlis, 190 Pa. 25; Humbird v. Davis, 210 Pa. 311.

Appellees as agents for all interested in the venture acted in bad faith in entering the employ of the purchaser and public policy would bar a recovery: Everhart v. Searle, 71 Pa. 256; Rice v. Davis, 136 Pa. 439; Yeaney v. Keck, 183 Pa. 532; Graham v. Cummings, 208 Pa. 516.

*W. Roger Fronefield,* for appellees.—Where one party enters into a contract with a second party with reference to a subject-matter in which a third party has an interest, the third party may join in an action for breach thereof, notwithstanding the second party was ignorant of the third party's interest: McCord v. Williams & Love, 2 Ala. 107; Cottingham v. Owens, 71 Ill. 397; Silliman v. Tuttle, 45 Barber (N. Y.) 171.

Where one, without authority to act as agent for another, enters into a contract, either in his own name, or in that of an alleged principal, the party with whom he contracts may elect to consider him as principal and hold him liable on the contract: McCron v. Lady, 10 W. N. C. 493; Wolff v. Wilson, 28 Pa. Superior Ct. 511; Meyer v. Barker, 3 Binney 228; Stiteler v. Ditzenberger, 45 Pa. Superior Ct. 266; Crest v. Jack, 3 Watts 238; Beaty v. Bordwell, 91 Pa. 438; Leslie v. Leonard, 10 Pa. Superior Ct. 548.

OPINION BY MR. JUSTICE FRAZER, March 28, 1921:

Defendant, at the solicitation of plaintiffs, became financially interested, with others, in a tract of land located on the Delaware River, in Eddystone Borough, Delaware County. The property in question had been encumbered with a mortgage held by the Cambridge Trust Company, of the city of Chester, and defendant,

with others, arranged to finance the purchase of the property at sheriff's sale under foreclosure proceedings and later sell the same at a price they expected would yield a profit. For this purpose, and, under date of July 5, 1912, an agreement was entered into between J. K. Nicholls, of the first part, and defendant and Oscar Stevenson, of the second part, reciting the purchase of the property by Nicholls at sheriff sale, the amount of money to be furnished by each, that the deed for the property from the sheriff should be made to the Cambridge Trust Company, that a first mortgage of $40,000 should be created on the land and that it should be re-sold within one year at private sale, or thereafter at public sale, and the proceeds distributed in a manner stated. Out of such proceeds plaintiffs were to receive "a sum of $5,000 due them from said party of the first part" for services rendered in procuring defendant's assistance in financing the purchase, also two per cent of the purchase money received upon sale of the property "for commissions and expenses of making the sale of said premises or any part thereof, whether said sale be made by them or others," plaintiffs being thus made the exclusive agents for the sale of the land. No dispute exists as to the foregoing provisions of the agreement. Plaintiffs, however, claim extra compensation for special services rendered at the request of defendant for the handling of various matters in connection with the property, amounting in all to $2,125. To recover that amount this action was begun, a verdict was rendered in favor of plaintiffs, judgment entered thereon, and defendant appealed.

The contention that a joint action by plaintiffs is not maintainable is untenable. Plaintiffs were brothers; Samuel J. was engaged as a real estate broker, and Archibald A., an attorney-at-law, the former attending to the "field work" and the latter giving his attention to office matters, such as letter writing, drawing of contracts, and advising generally as to questions of a legal

nature arising in the course of the partnership business. He also attended meetings in connection with the sales of the property referred to. The bill for the services in dispute was rendered in the joint names of plaintiffs and correspondence in regard to the claim recognized both as interested in the matter. In the written agreement the names of both plaintiffs were inserted as the persons to whom compensation was due. Under these circumstances had one of the plaintiffs brought suit alone, defendant might well have taken the position that the other was a necessary party to the proceedings to secure a valid judgment and be conclusive of the entire controversy. The trial judge submitted to the jury the question of plaintiffs' joint interest and, while it is true he intimated strongly that the question was a mere technical one and of minor importance, we fail to see that his remarks prejudiced defendant, especially as both the written and oral evidence in the case tended to show plaintiffs were jointly interested in the matter.

The argument that the work done by plaintiffs was for the benefit of all the parties interested in the scheme to acquire and resell the property and that no recovery could be had against defendant alone, raises a clear issue of fact which was properly submitted to the jury. Evidence was adduced that defendant requested plaintiffs to perform the various services for which claim is now made and we find no evidence indicating he was acting for others or that he was not to be considered personally responsible for payment of the services rendered at his request. Objection to the claim was based mainly on the ground that the work ordered by defendant was a part of the service plaintiffs were required to perform to earn their commissions under the terms of the written contract. In absence of notice that defendant was acting merely as agent, plaintiffs were justified in holding him personally liable for services rendered at his request: Kroeger v. Pitcairn, 101 Pa. 311; Wolff v. Wilson, 28 Pa. Superior Ct. 511; Stiteler v. Ditzenberger, 45 Pa.

Superior Ct. 266. The question of defendant's liability was submitted to the jury with instructions that if plaintiffs were aware defendant was not acting for himself alone, but was representing as well others interested in the property, they were not entitled to recover from defendant individually. This instruction fully protected the rights of defendant. If other persons interested in the property are legally bound to contribute defendant's remedy is against them.

Defendant further contends plaintiffs were jointly interested with defendant in the venture and were not entitled to compensation for the services rendered and now sued for. While true, they were to receive specified payments out of the proceeds of the sale, they were not parties to the contract nor interested in the profits but merely beneficiaries to the extent of receiving money acknowledged to be due them, together with a commission on the sale of the property. This is not inconsistent with their claim for services rendered at the express request of defendant.

Among the items making up the total claim is a charge of $125 for services rendered in procuring from an electric light company the payment of $4,000 for the right to erect a pole line on the property in question. As this item was not in any manner connected with the sale of the property it was a proper subject for extra compensation if such compensation was agreed upon as claimed by plaintiffs. The question was one of fact for the jury.

The greater part of the claim consists of a number of items aggregating $1,525 for adjusting matters affecting title in connection with the sale of part of the property to the Pennsylvania Railroad Company. Plaintiffs received from that company the sum of $1,500 to be used in connection with the settlement of the property with the understanding it represented the full obligation of the railroad company to procure a deed clear of encumbrances. Of this sum plaintiffs paid out $1,000 to settle spur line and right of way "tangles" and retained the

balance of $500 as their compensation in the transaction, which was satisfactory to the railroad company. The jury allowed the $500 so paid as a credit on plaintiffs' bill, and defendant, having received the benefit of the remaining $1,000 by the removal of blemishes on the title to the property, thus obtained the benefit of the entire sum. The rights of defendant were safeguarded in the charge of the court by instruction to the jury that if plaintiffs received compensation from others for a part of the services for which they now claim, he should not be required to pay a second time for the same service.

Complaint is also made that the court in effect gave binding instructions to the jury to allow compensation at the full rate claimed on all items allowed. The instructions given were to the effect that inasmuch as the testimony relating to the value of services was that given by plaintiffs, which was uncontradicted, they were entitled to recover, if at all, the amount claimed. The amount was not seriously questioned at the trial, the defense being based on the theory that defendant was not liable for any part of the claim. There was testimony that the charges were the same as those made to other persons for similar services and that each item was fixed at a sum the service was reasonably worth. This testimony was sufficient to sustain the charge, especially in view of the nature of the defense set up.

At the trial one of plaintiffs testified that, subsequent to the time a bill was rendered to defendant, the latter, in response to a request for payment, replied, "if you will go on with this work and get this thing straightened out, and you will give me a letter stating just what you will do, I will pay that bill before twelve o'clock to-morrow." A letter such as requested was at once prepared and handed to defendant who said "I will pay you before twelve o'clock to-morrow." Although defendant denied making such promise, the evidence justified instruction that if the jury found a promise to pay the bill in consideration of the services rendered, defendant would be

responsible: Paul v. Stackhouse, 38 Pa. 302; Stebbins v. Crawford Co., 92 Pa. 289; Bentley v. Lamb, 112 Pa. 480; Sutch's Est., 201 Pa. 305.

All assignments of error are overruled and the judgment of the lower court is affirmed.