Stein *v.* McGinley, Appellant, et al.

Argued April 24, 1936. 

Before Keller, P. J., Cunning-
ham, Baldrige, Stadtfeld, Parker, James and
Rhodes, JJ.

*P. K. Motheral,* with him *Reed, Smith, Shaw & Mc-
Clay,* for appellant.

*Edw. J. I. Gannon,* of *Hazlett, Gannon & Walter,* for
appellee.

Opinion by Stadtfeld, J., July 10, 1936:

This is an action in trespass by a tenant, for damages
resulting from his eviction from a leasehold. In his
statement of claim as amended, the plaintiff, Louis
Stein, alleges that in January 1930, the defendants,
Marie McGinley and Charles K. Nichols, orally leased
to him for the year 1930, the theatre property in Ta-
rentum, Allegheny County, Pennsylvania, known as
the Palace Theatre, which property then was owned
by the Estate of John McGinley, deceased, and Charles
K. Nichols; that under the terms of the lease, he was
to pay no rent, but was to make certain improvements;
that he was to have the right to purchase the property
upon the expiration of the lease; that he did, in fact,
make these improvements; that on September 18, 1930,

he was ejected by the Sheriff on a writ of Hab. Fa. following a judgment in amicable ejectment, in which proceeding Marie McGinley and the Fidelity Trust Company, as trustees under the will of John McGinley, and Charles K. Nichols, were the plaintiffs and William Leibovitz was the defendant; and that by reason of the eviction he is entitled to damages, compensatory and punitive, from the defendants. The defendants filed an affidavit of defense denying the oral lease and averring that Stein was in possession of the property as the agent of Leibovitz.

The case was tried before DITHRICH, J., and a jury. Points for binding instructions in their favor were presented on behalf of each defendant, but were refused. The jury found a verdict against both the defendants in the sum of $3,500 as compensatory damages and $500 as punitive damages. Defendants then moved for judgment non obstante veredicto, and for a new trial. The court refused to enter judgment n.o.v., but reduced the verdict to $2,035, which reduction was accepted by the plaintiff in a remittitur filed. This appeal by the defendant, Marie McGinley, is taken from the refusal of defendants' motions for judgment non obstante veredicto and for a new trial and from the entry of judgment against her upon the verdict.

At the trial, Stein testified that in January, 1930, in the office of the Palace Theatre Building, Miss McGinley and Nichols orally agreed with him that he should make the necessary repairs and changes to the theatre for sound pictures, should operate the theatre without any rental other than paying expenses; that he should receive any earnings from the theatre; and that his lease was to continue until January 1, 1931, at which time he was to have the right to purchase the property. He further testified that after he had completed his repairs and re-opened the theatre, following a period of a month or so during which it was closed,

the Sheriff appeared at about 3:00 o'clock in the afternoon of September 18, 1930, accompanied by Miss McGinley; took possession of the premises; that two constables were with them and that they changed the locks on the building. Stein further testified that he paid $1,750 in cash to one Heil who redecorated the interior of the building and soundproofed it under a written contract; that a sound screen was installed at the price of $285; and that he purchased $100 worth of electric light bulbs. He testified as to other improvements made, but was unable to prove the value of them. He was corroborated by William Leibovitz as to the oral lease.

Miss McGinley testified that title to the premises in January 1930, was in Nichols and the Estate of John McGinley; that she and the Fidelity Trust Company were trustees at the time; that she made no oral lease with Stein; that she considered Leibovitz to be the tenant under a written lease and Stein to be his manager; that she attempted to collect rent from Leibovitz.

The court submitted the case to the jury in a very full and comprehensive charge to determine whether or not the plaintiff, Louis Stein, had a verbal or oral lease from the defendants as claimed by him; and if they should find in his favor then as to the measure of damages to be recovered. The verdict of the jury determines the fact as to the lease in favor of plaintiff.

The only assignment of error pressed by appellant is the refusal to enter judgment in favor of defendant non obstante veredicto.

Appellant depends upon the well-known principle that where there are co-trustees, one trustee cannot lease the property of an estate, but all of the trustees must join, and cites a number of cases in support thereof. With this principle and the cases cited, we have no fault to find. Appellant loses sight of the fact that this action is not against the estate, or any of the

trustees, but against Marie McGinley and Charles K. Nichols individually. Marie McGinley, appellant, did not claim that she was a mere trustee, and contracted as such, but denied absolutely the making of the alleged agreement. The jury has found this fact against her. The same rule applies to co-tenants as to co-trustees: *McKinley v. Peters,* 111 Pa. 283, 3 A. 27.

As stated by this court in *Stiteler v. Ditzenberger,* 45 Pa. Superior Ct. 266, 270: "...... if a person undertake to perform an act as the agent of another and he does not possess authority from his principal therefor or if he exceed the authority accorded to him he will be personally liable to the person with whom he is dealing ...... And this is so whether the agent falsely misrepresent his authority with intent to deceive or not; or where with knowledge of his want of authority without intending any fraud he assumes to act as though he were fully authorized; or where he acts with a bona fide belief that he has authority but in fact has not. ...... Even in a case where the agent honestly believes he has authority to make a contract, but in fact has not, a plain principle of justice requires that if an injury be done to another by the assumption of an unauthorized authority the person occasioning the loss should be responsible rather than the party who was misled to his hurt by the exercise of such assumed power."

In *Wolff v. Wilson,* 28 Pa. Superior Ct. 511, this court held: "Whenever a party undertakes to act as agent for another, if he does not possess any authority from the principal therefor, or if he exceeds the authority delegated to him, he will be personally liable to the person with whom he is dealing, for or on account of his principal."

The verdict of the jury having established the making of the verbal lease, appellant is estopped from asserting her lack of authority to make it. The rule

governing the instant case is set forth in 35 Corpus Juris, 1224, Sec. 565: "...... no rule is better settled ...... than the general one that a tenant in undisturbed possession of the demised premises is estopped to deny the title of his landlord, ...... The estoppel is mutual in its operation; it extends to the landlord who cannot allege that he had no title at the time of the demise, or lack of power to create the tenancy ......"

In *Kelly v. Miller*, 249 Pa. 314, 94 A. 1055, the Supreme Court said at p. 316: "...... there is an implied covenant for the quiet enjoyment of the demised premises, and it is settled in this State that any wrongful act of the landlord which results in an interference of the tenant's possession, in whole or in part, is an eviction for which the landlord is liable in damages to the tenant."

In the instant case, appellant, under assumed authority in the lease to William Leibovitz, caused a judgment in ejectment to be entered against Leibovitz and a writ of possession to be issued; went with the Deputy Sheriff to the theatre which was occupied by Louis Stein under a lease from her and Charles K. Nichols, and with the assistance of two carpenters, closed the theatre, changed the locks, took the keys, evicted the plaintiff, and took and retained all the improvements which plaintiff had made at his own expense. These acts certainly constituted a breach of the covenant for quiet enjoyment for which appellant was liable. The testimony fully supports the verdict.

The case was ably tried and fairly submitted. We see no error which would warrant a reversal of the judgment.

The assignments of error are overruled and judgment affirmed.