## Brener  v.  Phillips

436

*John McCrea*, for plaintiffs.

*George B. Stuart*, for defendants.

WEIDNER, J., September 21, 1965.—Plaintiffs, cotrustees on behalf of the trust estate, filed an action in ejectment to recover possession of the premises at 119 West King Street, Shippensburg, Cumberland County, Pa., and defendants have filed preliminary objections to the jurisdiction of the court of common pleas, claiming that jurisdiction lies only in the orphans' court.

Lester H. Brener and Herbert Brener are trustees for Kathryn Y. Brener and Jeffrey L. Brener over trust property, including the premises at 119 West King Street, Shippensburg, Cumberland County, Pa. On June 1, 1965, one trustee, Lester H. Brener, executed a lease of the premises at 119 West King Street, Shippensburg, Pa., to defendants, Jerrold A. Phillips and Gloria Phillips, his wife. This lease was signed only by Lester H. Brener, trustee. Lester Brener, as trustee, delivered possession and the keys to the apartment to defendants with a copy of the lease on June 1, 1965, and defendants entered into possession.

On June 4, 1965, Lester H. Brener, trustee, the one who signed the lease, by his attorneys, McCrea and McCrea, notified defendants that the cotrustee, Herbert Brener, would not join in the lease.

When defendants would not surrender possession

of the premises, this action in ejectment was brought.

The question involved is whether the trustees can maintain this action in ejectment to recover possession of the premises, or must this matter be submitted to the orphans' court under its jurisdiction over trusts and by reason of the dispute alleged to exist between the two trustees?

Ejectment is the proper remedy for recovery of possession of real estate, and may and is properly brought by the trustees, Lester H. Brener and Herbert Brener, as trustees for Kathryn Y. Brener and Jeffrey L. Brener.

The Fiduciaries Act of April 18, 1949, P. L. 512, in section 949 (b), 20 PS §320.949 (b), provides:

"When No Majority. When a dispute shall arise among trustees as to the exercise or non-exercise of any of their powers and there shall be no agreement of a majority of them, unless otherwise provided by the trust instrument, the court, upon petition filed by any of the trustees or by any party in interest, aided if necessary by the report of a master, in its discretion, may direct the exercise or non-exercise of the power as the court shall deem for the best interest of the trust".

Where there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust: Restatement, Trusts 2d, §194; Coxe v. Kriebel, 323 Pa. 157. This is true of a lease by trustees: Stein v. McGinley, 123 Pa. Superior Ct. 122. Thus, there is no valid lease under the terms contemplated by the one trustee and defendants.

The orphans' court does not have jurisdiction in this case because there is no disagreement at the present time. Any disagreement ended June 4, 1965, when defendants were notified that the lease could not be executed. Consistently since that time, through the filing

of the complaint in ejectment, in which both trustees joined, and to the present time, there exists no disagreement between the cotrustees, which would be the basis for jurisdiction in the orphans' court. The orphans' court not having jurisdiction, the court of common pleas would have jurisdiction in this action in ejectment.

Another reason for lack of jurisdiction in the orphans' court in this case is that defendants are not proper parties to assert or initiate the proceedings for such jurisdiction in the orphans' court. Defendants are prospective lessees only. The act specifically provides that the petition may be filed by "any of the trustees or by any party in interest". Defendants, as prospective lessees, are certainly not a party in interest in the trust estate, which would enable them to petition the orphans' court for the relief they seek. Only a trustee or a beneficiary could file the petition with the orphans' court to have the orphans' court obtain jurisdiction. This position is supported by Restatement, Trusts, 2d §194:

"Several Trustees: If there are two or more trustees, the powers conferred upon them can properly be exercised only by all the trustees, unless it is otherwise provided by the terms of the trust".

Under comment, section *a.*, it is stated:

"*Requirement of unanimity.* If there are two or more trustees, action by all of them is necessary to the exercise of the powers conferred upon them as trustees. If one of them refuses to concur in the exercise of a power, the others cannot exercise the power. In such a case, however, if it appears to be for the best interest of the trust that there should be an exercise of the power, the court may *on the application of a co-trustee or beneficiary* direct its exercise". (Italics supplied.)

This provision of the Restatement of Trusts was

quoted with approval in the case of Obici Trust, 390 Pa. 180, at page 195.

Defendants in the present case, being prospective lessees only, and not cotrustees or beneficiaries of the trust, would not be proper persons to apply to the orphans' court.

It is probable also that the relief sought would not be granted, even if the matter should be submitted to the orphans' court by proper parties and under proper circumstances. The Fiduciaries Act of 1949, sec. 519, was not intended to constitute the court as a super-fiduciary; nor should the court act in every instance of slight disagreement among personal representatives. The power granted to the orphans' court by section 519 of the Fiduciaries Act of 1949 is an exceptional power to be invoked only when necessary to avoid serious consequences: Floyd Estate, 1 Fiduc. Rep. 283.

For these reasons, the preliminary objections of defendants must be overruled and dismissed.

ORDER OF COURT

And now, September 21, 1965, the preliminary objections of defendants are overruled and dismissed, and defendants are given 20 days to plead to plaintiffs' complaint.